UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ARTHUR L. TIGGS,

          Petitioner,

v.

STEVEN JOHNSON, *et al.*,

          Respondents.

Civ. No. 15-8664 (KM)

OPINION

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

The Petitioner in this matter, Arthur L. Tiggs, is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus under 28 U.S.C. § 2254. (*See* DE 1.) Mr. Tiggs has moved for a stay and abeyance of this habeas matter in light of his recently-initiated state court motion for a new trial based on newly-discovered evidence. (DE 18.) For the following reasons, his motion will be denied.

## II. BACKGROUND AND PLEADINGS

In May 2007, Mr. Tiggs was convicted in New Jersey Superior Court, Law Division, Essex County, of three criminal counts: first-degree purposeful/knowing murder, in violation of N.J. Stat. Ann. § 2C:11-3A (1), (2); third-degree unlawful possession of a handgun without a permit, in violation of N.J. Stat. Ann. § 2C:39-5b; and second-degree possession of a handgun for an unlawful purpose, in violation of N.J. Stat. Ann. § 2C:39-4A. That state court sentenced Mr. Tiggs to life imprisonment, with an 85% parole disqualifier. The Superior Court, Appellate

Division, affirmed Mr. Tiggs's conviction and sentence in July 2010, and the Supreme Court of New Jersey subsequently denied certification in November 2010.

In December 2010, Mr. Tiggs filed a petition for post-conviction relief ("PCR") in state court, asserting that he had received ineffective assistance of trial counsel. The Superior Court denied Tiggs's PCR petition in June 2012. The Appellate Division affirmed that decision in June 2014, and the Supreme Court of New Jersey denied certification on December 5, 2014.

Mr. Tiggs subsequently filed his current habeas petition, which is dated December 3, 2015, and was received by the Court on December 16, 2015. The petition lists eight grounds, the majority of which center on claims that Mr. Tiggs was denied his right to a fair trial as a result of various rulings by the trial court and that he received ineffective assistance of counsel. (DE 1, *passim*.) Respondents filed their answer to the petition on March 18, 2016. (DE 9.)

On June 7, 2018, Mr. Tiggs moved in New Jersey state court to obtain a new criminal trial based on unspecified newly-discovered evidence. (DE 19 at 2-3.) Shortly thereafter, on or about July 5, 2018, Mr. Tiggs filed the present motion to stay this federal habeas action. (DE 18.) Mr. Tiggs indicates that he "wish[es] to stay [this matter] to exhaust a claim of newly discovered evidence that [he] want[s] to include in [his] pending habeas corpus petition." (DE 18-2 at ¶ 4.) Mr. Tiggs provides no additional substantive information about his state court filing; he asserts only that this "meritorious claim [is] pending before the [s]tate court of New Jersey." (*Id.* at ¶ 6.)

Respondents filed their opposition to Mr. Tiggs's stay request on July 20, 2019. (DE 19.) Respondents argue that Mr. Tiggs's motion to stay this matter should be denied because he has presented only vague and limited information in support of it. These contentions, they say, fail to satisfy the standard for a stay announced in *Rhines v. Weber*, 544 U.S. 269 (2005). (*Id.* at 2.)

Respondents further assert that Mr. Tiggs's "return to the state court will undoubtedly hamstring this Court for many more months, and prevent a timely decision in this matter." (*Id.* at 4.) Mr. Tiggs has not submitted a reply in further support of his stay motion.

## III. ANALYSIS

### A. Stay and Abeyance Standard

A state prisoner applying for a writ of habeas corpus under § 2254 in federal court must first "exhaust[] the remedies available in the courts of the State," unless "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1); *see also Rose v. Lundy*, 455 U.S. 509, 515 (1982). A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction relief proceedings. *See, e.g., O'Sullivan v. Boerekel*, 526 U.S. 838, 847 (1999) (announcing the rule "requiring state prisoners to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); *see also* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.").

Efforts to exhaust all state remedies may place a habeas petition in jeopardy of missing the one-year statute of limitations deadline set out in § 2244(d)(1). A court may therefore, in certain "limited circumstances," grant a protective stay to permit a petitioner to exhaust his unexhausted claims without letting the limitations period expire on the exhausted claims. *See Rhines*, 544 U.S. at 277; *accord Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004) ("Staying a

3

habeas petition pending exhaustion of state remedies is a permissible way to avoid barring from federal court a petition who timely files a [petition containing both exhausted and unexhausted claims].").

The United States Supreme Court has defined the circumstances under which such a stay should be issued:

> [S]tay and abeyance is only appropriate when the district court determines that there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Rhines*, 544 U.S. at 277-78 (2005). Conversely, "it likely would be an abuse of discretion for a district court to deny a stay . . . if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278; *accord Gerber v. Varano*, 512 F. App'x 131, 135 (3d Cir. 2013).

Mr. Tiggs, as the habeas petitioner, bears the ultimate burden of demonstrating his entitlement to a stay. *See Urcinoli v. Cathel*, 546 F.3d 269, 275 n.8 (3d Cir. 2008) ("a district court should allow a petitioner to stay only if he can demonstrate good cause for the failure to first exhaust his claims in state court, the unexhausted claims are not plainly meritless, and the petitioner has not engaged in 'abusive litigation tactics or intentional delay.'") (citing *Rhines*, 544 U.S. at 277-78).

### B. Application

Here, the parties agree that Mr. Tiggs's recently-filed motion for a new trial remains unexhausted in New Jersey state court. They disagree only as to whether this federal habeas case should be stayed while that state court motion is pending. Under *Rhines, supra*, I must examine

4

whether good cause exists for Mr. Tiggs's failure to exhaust this claim in state court, whether this unexhausted claim is potentially meritorious, and whether Mr. Tiggs is pursuing this newly-discovered evidence claim in state court simply as means of delay. 544 U.S. at 277. For the reasons detailed below, I find that a stay is not appropriate.

Mr. Tiggs has provided no substantive information about the newly-discovered evidence underlying the pending state court motion for a new trial. For this reason alone, Respondents argue, Mr. Tiggs's fails under *Rhines*. I am constrained to agree. The scant information before me precludes me from finding that Mr. Tiggs has demonstrated "good cause" for not previously asserting the unspecified claims raised in the new trial motion, and likewise prevents me from determining whether that motion is "plainly meritless." *See Phillips v. Cain*, 2009 WL 580233, at *1 (W.D. La. Mar. 5, 2009) (in absence of factual or legal support for petitioner's newly discovered unidentified claims, court unable to make preliminary determinations required under *Rhines*); *Wolfe v. Cain*, 2010 WL 5856023, at *2 (E.D. La. Nov. 18, 2010) (same), *report and recommendation adopted*, 2011 WL 692046 (E.D. La. Feb. 16, 2011).

Accordingly, I will not grant a stay and abeyance to permit exhaustion of those unspecified claims.

## IV. CONCLUSION

For the foregoing reasons, Mr. Tiggs's motion to stay this habeas proceeding is denied. An appropriate Order will be entered.

DATED: February 21, 2019

KEVIN MCNULTY
United States District Judge