UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ARTHUR L. TIGGS,

    Petitioner,

v.

STEVEN JOHNSON, et al.,

    Respondents.

Civil Action No. 15-8664 (KM)

OPINION & ORDER

**MCNULTY, District Judge.**

On or about December 10, 2015, *pro se* Petitioner Arthur L. Tiggs initiated this habeas action in which he sought relief pursuant to 28 U.S.C. § 2254. (DE 1.) On March 8, 2019, I denied Tiggs's habeas petition and denied him a certificate of appealability. (DEs 23 and 24.) Approximately 91 days later, on June 7, 2019,[1] Tiggs filed a notice of appeal challenging my March 8th decision. (DE 27.) Tiggs concurrently filed two motions related to that appeal, both of which are now pending before me: (1) a motion to file his appeal out of time (at DE 25); and (2) his motion to proceed *in forma pauperis* ("IFP") on appeal[2] (at DE 26). For the reasons detailed herein, I will deny both motions.

---

[1] Tiggs has certified that he delivered his appeal-related documents "to authorities at New Jersey State Prison . . . for processing through the prison's legal mail system" on June 7, 2019. (*See* DE 27-1.) Under the federal prisoner mailbox rule, "a document is deemed filed on the date it is given to prison officials for mailing." *Pabon v. Mahanoy*, 654 F.3d 385, 391 n. 8 (3d Cir. 2011). Affording Tiggs all favorable inferences, I find that June 7, 2019 is the date on which he filed his notice of appeal and related motions.

[2] Tiggs has not previously applied to this Court to proceed IFP. Tiggs submitted the $5.00 filing fee for his habeas corpus petition on or about December 10, 2015. (*See* DE 4.) Tiggs, however, filed his notice of appeal without paying the $505.00 filing fee. (*See* DE 26.)

### 1. Motion to file appeal out of time

Tiggs seeks authorization to file his otherwise untimely appeal. (DE 25.) This motion is governed by Rule 4 of the Federal Rules of Appellate Procedure (the "Appellate Rules"). Under Appellate Rule 4(a)(1)(A), a "notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." *See* Fed. R. App. P. 4(a)(1)(A). Here, my final order denying Tiggs's habeas petition was filed on March 8, 2019. Pursuant to Rule 4(a)(1)(A), Tiggs had until April 8, 2019[3] to file his notice of appeal. *Id.* His notice of appeal, filed on June 7, 2019, is therefore facially untimely.

I am, in limited circumstances, authorized to extend the 30-day filing deadline of Rule 4(a)(1)(A). Appellate Rule 4(a)(5) provides, in pertinent part, that:

> (A) The district court may extend the time to file a notice of appeal if:
>
> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
>
> . . . .
>
> (C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

*Id.*

---

[3] Because the thirtieth day from March 8, 2019 was Sunday, April 7, 2019, the deadline is deemed to fall on the next non-holiday weekday, Monday, April 8, 2019. *See* Fed. R. Civ. P. 6(a)(3)(A).

2

Tiggs's motion to extend his deadline to file his appeal, filed on June 7, 2019, is untimely under Appellate Rule 4(a)(5)(A)(i), because that motion was not filed within thirty days after the deadline to appeal (*i.e.*, on or before May 8, 2019). For that reason alone, I am compelled to deny the motion for an extension. *See Hatch v. New Jersey Superior Court*, No. 15-2514, 2017 WL 1591845, at *2 (D.N.J. May 1, 2017) (applying substantially the same analysis in denying petitioner's motion to extend his appeal deadline, and further noting that "Congress specifically limited district courts' ability to reopen the time for appeal") (citing 28 U.S.C. § 2107(c)).

Tiggs's June 7, 2019 motion was not filed within the applicable deadline under Fed. R. App. P. 4(a)(5)(A)(i). Accordingly, the motion for extension of the time to appeal is denied.[4]

## 2. Tiggs's motion to proceed *in forma pauperis* on appeal

Tiggs also moves to proceed IFP on appeal. (DE 26.) I discuss it briefly.

This IFP motion is governed by two rules. First, Appellate Rule 24(a)(1) allows a district court to grant a petitioner IFP status on appeal where the petitioner shows that he is unable to pay, or to give security for, the fees and costs on appeal, and states the issues that he intends to present on appeal. Second, Rule 24.1(c) of the Third Circuit's Local Appellate Rules requires that habeas petitioners seeking to proceed IFP on appeal must file "an affidavit of poverty . . . accompanied by a certified statement of the prison account statement(s) . . . for the 6 month period preceding the filing of the notice of appeal." *Accord* 28 U.S.C. § 1915(a)(2) ("A prisoner seeking to . . . appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the

---

[4] Even if timely, the motion would face the additional requirement that the appellant show "excusable neglect or good cause" for the delay. Fed. R. App. P. 4(a)(5)(A)(ii). Mr. Tiggs proffers that he is unlearned in the law and that preparation of the notice of appeal has been hampered by delays in receiving assistance from the Inmates Legal Association, Inc. (ILA). It is not necessary to rule on this contention, but I do note that the notice of appeal is a simple, one-page document, that the petitioner is an experienced litigant, and that he has represented himself *pro se* in these proceedings.

3

prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.").

Tiggs's motion for leave to proceed IFP on appeal does not include the requisite certified prison account statement. (*See*, *generally*, DE 26.) I will therefore deny his motion to proceed *in forma pauperis* at this time. This denial is without prejudice to Tiggs refiling his motion in accordance with requirements.

For the foregoing reasons, and for good cause shown,

**IT IS** this 25th day of June, 2019,

**ORDERED** that the Clerk of the Court shall reopen this matter for purposes of considering Tiggs's appeal-related motions; and it is further

**ORDERED** that Tiggs's motion to file his appeal out of time (at DE 25) is **DENIED**; and it is further

**ORDERED** that Tiggs's motion for leave to proceed IFP on appeal (at DE 26) is **DENIED**; and it is further

**ORDERED** that the Clerk shall provide Tiggs with blank copies of the following forms: (1) an Affidavit Accompanying Motion for Permission to Appeal *In Forma Pauperis*;[5] and (2) a Certification of Prison Account Statement;[6] and it is further

**ORDERED** that the Clerk shall serve a copy of this Opinion & Order on Tiggs by regular mail and shall mark this case as **CLOSED**.

Kevin McNulty, U.S.D.J.

---

[5] That form is available at www2.ca3.uscourts.gov/legacyfiles/ifp_affidavit.pdf.

[6] That form is available at www.ca3.uscourts.gov/sites/ca3/files/IFP_Certification.pdf.

4